IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.  Criminal No. 2:12-00221

MICHAEL L. WHITE

    Defendant.

**Defendant's Proposed Instruction No. 2**

You are instructed that count two of the indictment charges the defendant with Aiding and Abetting the crime of Arson in violation of 18 USC § 844(i) and section 2. Specifically on or about October 15, 2009, at or near Van, Boone County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant Michael L. White, did knowingly aid, abet, counsel, command, and induce, and procure the commission of an offense against the United States by Kimberly Dawn Kinder, not named herein as a defendant, and her spouse, now deceased, to maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, the Van duplex, which was used in interstate commerce, and in activity affecting interstate commerce, owned by defendant Michael L. White. In violation of Title 18 United States Code, Sections 844(i) and 2.

In order to prove these charges, the government must prove beyond as reasonable doubt the following four elements:

    One: that the defendant by means of fire or use of explosives

    Two: maliciously

Three: did damage or destroy or attempt to damage or destroy

Four: property which was either used in interstate commerce or used in any activity affecting interstate commerce.

To aid and abet the accused must have participated in the crime as something he wished to bring about and that the defendant did seek by his actions to make the crime succeed. The United States must prove beyond a reasonable doubt that the property was damaged or destroyed or attempted to be damaged or destroyed by means of fire or explosive.
The statute defines "explosives" as "gunpowders, powders used for blasting, all forms of high explosives, blasting materials . . . detonators and other detonating agents, smokeless powders, other explosive or incendiary devices . . . and any chemical compounds, mechanical mixtures, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion."

To find beyond a reasonable doubt that the property in question was destroyed or damaged by an explosive, you need not find that the explosion actually occurred. You need only find that the substance as used was such that when ignited it "may cause an explosion." The term "explosion" is used in its customary or ordinary sense, that is, an explosion is a rapid expansion of gases caused by a rapid combustion of a material, which may cause a sharp noise or report.

"Interstate commerce" means commerce which affects more than one state. It includes commercial activity between any place in one state and another place outside that state. It

also includes commercial activity wholly within one state but which has a substantial effect on commerce between or among the states. For example, if the property was used for the sale of merchandise, including food or drink, which had moved in interstate commerce, it would be used in interstate commerce.

Business-related property, as opposed to residential property, is considered as being used in or affecting interstate commerce if, at the time it was damaged or destroyed, it was actively used for some commercial purpose. A merely passive or past connection or a possible future connection to interstate commerce is not sufficient to satisfy this requirement. Even if the property was vacant at the time it was destroyed, it may still be used in or affecting interstate commerce if the owner was actively seeking to rent or otherwise use the property.

Property used for residential purposes may also be considered as being used in or affecting interstate commerce in some circumstances. Under the statute, rental residential property is included as property affecting interstate commerce. The United States does not have to prove that the materials used to destroy or damage the building were in interstate commerce. The United States also does not have to prove that the defendant knew that the property was actively used for some commercial purpose.

The meaning of "maliciously" as used in this statute means to damage or destroy property intentionally or with willful disregard of likelihood that damage or injury will result.