**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGININA
CHARLESTON**

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 2:12-00221

MICHAEL L. WHITE

### UNITED STATES PROPOSED JURY INSTRUCTIONS

Comes now the United States of America, by Thomas C. Ryan and Larry R. Ellis, Assistant United States Attorneys for the Southern District of West Virginia, and submits the following proposed jury instructions.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

By:

/s/  *Thomas C. Ryan*
Assistant United States Attorney
WV Bar No. 9883
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone:  304-345-2200
Fax:  304-347-5104
Email: thomas.ryan@usdoj.gov

## COUNT ONE:  NATURE OF THE OFFENSE
## CONSPIRACY (18 U.S.C. § 371)

Count One of the indictment charges that from at least the late summer of 2009 through and until at least the spring of 2010, at or near Van, Boone County, and Chapmanville, Logan County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant MICHAEL L. WHITE, together with Kimberly Dawn Kinder, named herein as an unindicted co-conspirator, and her spouse, now deceased, did knowingly conspire to commit offenses against the United States, that is:

    a. to maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, the Van Duplex, which was used in, and in an activity affecting, interstate commerce, in violation of 18 U.S.C. § 844(i); and

    b. to knowingly devise and attempt to devise an artifice and scheme to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice and attempting to do so, knowingly caused to be delivered by mail or such carrier according to the

direction thereon and at the place at which it is directed to be delivered by the person to whom it is addressed, any matter and thing, in violation of 18 U.S.C. § 1341.

In violation of Title 18, United States Code, Section 371.

**UNITED STATES PROPOSED INSTRUCTION NO. __2__**

**COUNT ONE:  STATUTE INVOLVED - (18 § U.S.C. § 371)**

Title 18, United States Code, Section 371 provides in pertinent part as follows:

> If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons does any act to effect the object of the conspiracy, each shall be . . .

guilty of a violation of the laws of the United States.

**UNITED STATES PROPOSED INSTRUCTION NO.   3**

**ELEMENTS OF THE OFFENSE**
**(18 U.S.C. § 371)**

In order to satisfy its burden of proof as to the conspiracy charged in Count One, the United States must establish each of the following essential elements beyond a reasonable doubt:

FIRST:   That the defendant agreed with at least one other person to do something which federal law prohibits, that is, commit arson or mail fraud;

SECOND:   That the defendant knew of the conspiracy and willfully joined the conspiracy; and

THIRD:   That at some time during the existence of the conspiracy or agreement, one or more members of the conspiracy knowingly performed an overt act in order to accomplish the object or purpose of the agreement.

---

United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004); United States v. Fleschner, 98 F.3d 155, 159 (4th Cir. 1996), cert. denied, 521 U.S. 1106 (1997); 2 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.03 (6th ed. 2012).

**UNITED STATES PROPOSED INSTRUCTION NO.   4  **

**PURPOSE OF THE CONSPIRACY STATUTE**
**(18 § U.S.C. § 371)**

In this case, each defendant is accused of having been a member of a conspiracy to violate certain federal laws. A conspiracy is a kind of criminal partnership--a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy is an independent offense. It is separate and distinct from any actual violation of any specific federal law, which the law refers to as a "substantive crime."

Indeed, you may find a defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the conspiracy was not actually committed. Moreover, you may find defendant guilty of conspiracy despite the fact that he himself was incapable of committing the substantive crime.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

---

Callanan v. United States, 364 U.S. 587, 593-94 (1961); 1 L. Sand, et al., Modern Federal Jury Instructions, § 19-2 (2004).

**UNITED STATES PROPOSED INSTRUCTION NO. __5__**

**"CONSPIRACY" DEFINED – PROOF OF EXISTENCE**

To establish the conspiracy charged in Count One of the indictment, the evidence need not show that the members entered into any express or formal agreement, or that they directly, by words spoken or in writing, stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished.

Similarly, the evidence need not establish that all of the means or methods set forth in the indictment were in fact agreed upon to carry out the alleged conspiracy, or that all of the means or methods which were agreed upon were actually used or put into operation. Neither must it be proved that all of the persons charged to have been members of the conspiracy were such, nor that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

One may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if the defendant, with an understanding of the unlawful character of a plan, knowingly and willfully joined in an unlawful scheme on one occasion, that is sufficient to convict him for conspiracy even though he had not participated at

earlier stages in the scheme and even though he played only a minor part in the conspiracy.

To act or participate knowingly means to act or participate voluntarily and intentionally and not because of mistake, or accident, or other innocent reason. To act willfully in a conspiracy means to act voluntarily and intentionally, and with specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done. If a defendant or any other person, with understanding of the unlawful character of a plan, knowingly and intentionally encourages, advises or assists, for the purpose of furthering the undertaking or scheme, he thereby becomes a knowing and willful participant -- a conspirator. One who knowingly joins an existing conspiracy is charged with the same responsibility as if he had been one of the originators or instigators of the conspiracy.

In determining whether a conspiracy existed, the jury should consider the actions and declarations of all of the alleged participants.

A person cannot conspire with himself, and therefore you cannot find a defendant guilty unless you find that he participated in the conspiracy as charged with at least one other person.

Of course, mere presence at the scene of an alleged transaction or event, or mere similarity of conduct among various persons, and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, do not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

However, whenever it appears beyond a reasonable doubt from the evidence that a conspiracy existed, and that a defendant was one of the members of the conspiracy, then the statements and the acts by any other member may be considered as evidence against that defendant, even if he had no knowledge of the statements and acts, provided such statements and acts were knowingly made or done during and in furtherance of the conspiracy.

There may be conviction even though the conspirators may not have succeeded in accomplishing their common object or purpose and in fact may have failed in doing so.

The extent of a defendant's participation, moreover, is not determinative of his guilt or innocence. A defendant may be convicted as a conspirator even though he may have played only a minor part in the conspiracy.

United States v. Fleschner, 98 F.3d 155, 159-60 (4th Cir. 1996).

**UNITED STATES PROPOSED INSTRUCTION NO.  6  **

**SUCCESS OF CONSPIRACY IMMATERIAL**

The United States is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.  Therefore, it is not necessary for the United States to prove that the defendant actually succeeded in committing arson or mail fraud.

United States v. Molovinsky, 688 F.2d 243, 247 (4th Cir. 1982); 3A O'Malley Grenig and Lee, Federal Jury Practice and Instructions, § 150.46 (5th ed. 2001).

**UNITED STATES PROPOSED INSTRUCTION NO. _7_**

**TWO-OBJECT CONSPIRACY**

As discussed earlier, Count One of the indictment charges a two-object conspiracy, for example, that the defendant conspired to commit arson <u>and</u> mail fraud.

As will be discussed further below as it relates to Count Two, federal law makes it illegal to maliciously damage or destroy, or attempt to damage or destroy a property involved in or affecting interstate commerce. Likewise, federal law prohibits the use of the mails to execute or attempt to execute a scheme or artifice to defraud, or to obtain money or property by materially false and fraudulent pretenses, representations or promises.

It is <u>not</u> necessary for the United States to prove beyond a reasonable doubt that the conspiracy furthered both objects. Rather, the United States has properly charged different means of violating the statute and you need only find beyond a reasonable doubt that the defendant under consideration knowingly and willfully conspired to commit arson <u>or</u> conspired to commit mail fraud.

---

18 U.S.C. §§ 844(i) and 1341; <u>United States v. Watlington</u>, 287 F.App'x 257 (4th Cir. 2008); <u>United States v. Montgomery</u>, 262 F.3d 233, 242 (4th Cir. 2001); <u>United States v. Bolden</u>, 325 F.3d 471, 492 (4th Cir. 2003)(citing <u>Griffin v. United States</u>, 502 U.S. 46 (1991)); <u>Eleventh Circuit Pattern Jury Instructions, Criminal Cases</u>, Instruction No. 13.2 (2010 ed.); <u>United States v. Simpson</u>, 228 F.3d 1294, 1300 (11th Cir. 2000); 2 O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions</u>, § 31.09 (6th ed. 2008).

**UNITED STATES PROPOSED INSTRUCTION NO. __8__**
**"OVERT ACT" - DEFINED**

In order to sustain its burden of proof, the United States must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goal(s) of the conspiracy or agreement. An "overt act" is any act knowingly committed by one of the conspirators in an effort to accomplish some object or purpose of the conspiracy.

The overt act need not be criminal in nature, if considered separately and apart from the conspiracy. It may, standing alone, be as innocent as the act of a man walking across the street, or participating in a conversation where arrangements in furtherance of the conspiracy are made, or driving an automobile, or using a telephone. It must, however, be an act which follows and tends toward accomplishment of the plan or scheme, and must be knowingly done by one of the conspirators in furtherance of some object or purpose of the conspiracy charged in Count One of the indictment. The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

United States v. Fleschner, 98 F.3d 155, 159 (4th Cir. 1996)

**UNITED STATES PROPOSED INSTRUCTION NO.  9 **

**ONLY ONE "OVERT ACT" MUST BE PROVEN**

In order to sustain its burden of proof as to Count One of the indictment, the United States must prove beyond a reasonable doubt that one of the members of the conspiracy knowingly performed at least one overt act, that the overt act was performed during the life of the conspiracy and was done to somehow further a goal of the conspiracy.

United States v. Anderson, 611 F.2d 504, 510 (4th Cir. 1979); 2 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.07 (6th ed. 2008) (modified).

**UNITED STATES PROPOSED INSTRUCTION NO. __10__**

**CO-CONSPIRATORS' STATEMENTS**

Whenever it appears from the evidence that a conspiracy existed, then the statements thereafter knowingly made and the acts thereafter knowingly done by any person likewise found to be a member of the conspiracy, may be considered by the jury as evidence in the case as to a defendant even though the statements and acts may have occurred in the absence and without the knowledge of that defendant, provided such statements and acts were knowingly made and done during the continuance of such conspiracy, and in furtherance of some object or purpose of the conspiracy.

However, statements made before the conspiracy began, after it ended or not in furtherance of the conspiracy, may be considered as evidence only against the person making them.

**UNITED STATES PROPOSED INSTRUCTION NO.  11**

**COUNT TWO:  NATURE OF THE OFFENSE**
**ARSON (18 U.S.C. § 844(i))**

Count Two of the indictment charges that on or about October 15, 2009, at or near Van, Boone County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant MICHAEL L. WHITE did knowingly aid, abet, counsel, command, and induce, and procure the commission of an offense against the United States by Kimberly Dawn Kinder, not named herein as a defendant, and her spouse, now deceased, to maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, the Van Duplex, which was used in interstate commerce, and in an activity affecting interstate commerce, owned by defendant MICHAEL L. WHITE.

In violation of Title 18, United States Code, Section 844(i) and 2.

**UNITED STATES PROPOSED INSTRUCTION NO. __12__**

**COUNT TWO:  STATUTE INVOLVED**
**ARSON (18 U.S.C. § 844(i))**

Title 18, United States Code, Section 844(i) provides:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building . . . or other real or personal property used in interstate . . . commerce or in any activity affecting interstate . . .

[shall be guilty of an offense against the United States.]

**UNITED STATES PROPOSED INSTRUCTION NO. __13__**

**COUNT TWO:  ARSON**
**ELEMENTS OF THE OFFENSE (18 U.S.C. § 844(i))**

In order to establish that the defendant violated Title 18, United States Code, Section 844(i), the United States must prove beyond a reasonable doubt the following essential elements:

FIRST:  That defendant MICHAEL L. WHITE aided, abetted, counseled, commanded, or induced, or procured the commission of an offense by Kimberly Dawn Kinder or her spouse, to maliciously damage or destroy, or attempt to damage or destroy, by means of fire or an explosive, the two-unit residential rental property as charged in the indictment;

SECOND:  The two-unit residential rental property was used in interstate commerce; and

THIRD:  That the defendant acted maliciously.

United States v. Bennett, 984 F.2d 597, 607 (4th Cir. 1993).

**UNITED STATES PROPOSED INSTRUCTION NO. __14__**

**<u>INTERSTATE COMMERCE</u>**

"Interstate commerce" means commerce which affects more than one state. It includes commercial activity between any place in one state and another place outside that state. It also includes commercial activity wholly within one state but which has a substantial effect on commerce between or among the states. For example, if the property was used for the sale of merchandise, including food or drink, which had moved in interstate commerce, it would be used in interstate commerce.

Property used for residential purposes may also be considered as being used in or affecting interstate commerce in some circumstances. Under the statute, rental residential property is included as property affecting interstate commerce.

The United States does not have to prove that the materials used to destroy or damage the building were used in interstate commerce. The United States also does not have to prove that the defendant knew that the property was actively used for some commercial purpose.

<u>United States v. Parsons</u>, 993 F.2d 38 (4th Cir. 1993).

**UNITED STATES PROPOSED INSTRUCTION NO.  15**

**DEFINITION:  "MALICIOUSLY"**

"Maliciously" as used in this statute means to damage or destroy property intentionally or with willful disregard of likelihood that damage or injury will result.

---

McFadden v. United States, 814 F.2d 144, 146 (3d. Cir. 1987).

**UNITED STATES PROPOSED INSTRUCTION NO. __16__**

**COUNT TWO:  AIDING AND ABETTING**

Count Two of the indictment charges that on or about October 15, 2009, at or near Van, Boone County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant MICHAEL L. WHITE, did knowingly aid, abet, counsel, command, and induce and procure the commission of an offense against the United States by Kimberly Dawn Kinder, not named herein as a defendant, and her spouse, now deceased, to maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, the Van Duplex, which was used in interstate commerce, and in an activity affecting interstate commerce, owned by defendant MICHAEL LEE WHITE.

In violation of Title 18, United States Code, Section 844(i) and 2.

**UNITED STATES PROPOSED INSTRUCTION NO. __17__**

<u>**COUNT TWO: AIDING AND ABETTING**</u>
<u>**STATUTE INVOLVED: 18 U.S.C. § 2**</u>

The statute defining aiding and abetting reads as follows:

(a) Whoever commits an offense against the United States or aids, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Under this statute it is not necessary for the United States to show that a defendant physically committed the crimes with which he is charged in order for you to find the defendant guilty. A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

As you can see from the language of the law, the first requirement is that you find that a given person himself or another person has committed a crime against the United States. Obviously, one cannot be held responsible for criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the particular defendant you are considering aided and abetted the commission of the crime.

In order to aid or abet another to commit a crime, in this case it is necessary that the accused person willfully and knowingly associated himself in some way with the crime charged and that he willfully and knowingly sought by some act to help make the crime successful.

I have already explained to you the meaning of the words willfully and knowingly. The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.

To determine whether a defendant aided or abetted the commission of the offenses with which he is charged in the indictment, ask yourselves these questions:

Did he participate in the crime charged as something he wished to bring about:

Did he associate himself with the criminal venture knowingly and willfully?

Did he seek by his actions to make the criminal venture succeed?

If he did, then he is an aider and abettor and therefore guilty of the offense you have found to have been committed. If

he did not, then he is not an aider and abettor and is not guilty of the offense.

As I mentioned a moment ago, a defendant is also guilty of a crime if he willfully causes its commission. What does the term "willfully caused" mean? The term "willfully caused" means the following:

First, did the defendant take some action without which the crime or crimes would not have occurred?

Second, did the defendant intend, or know the crime or crimes would be performed by others?

Again, all that must be shown is that the defendant was a willful, knowing participant in the attempt to damage and destroy, by means of fire, a building used in interstate commerce and involved in activities affecting interstate commerce.

**UNITED STATES PROPOSED JURY INSTRUCTION NO. __18__**

**COUNT THREE: NATURE OF THE OFFENSE**
**ACCESSORY AFTER THE FACT --(18 U.S.C. § 3)**

Count Three of the indictment charges that on or about February 17, 2010, at or near Chapmanville, Logan County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant MICHAEL L. WHITE, knowing that an offense against the United States had been committed, that is, arson in violation of 18 U.S.C. § 844(i), did knowingly comfort and assist Kimberly Dawn Kinder, named herein as an unindicted offender, in order to hinder and prevent her apprehension, trial and punishment, that is, defendant MICHAEL L. WHITE falsely stated to an insurance representative that a former tenant purposefully burned the Van Duplex on or about October 15, 2009, when in truth and in fact as he then well knew, Kimberly Dawn Kinder was involved in said arson of the Van Duplex.

In violation of Title 18, United States Code, Section 3.

**UNITED STATES PROPOSED JURY INSTRUCTION NO. __19__**

**COUNT THREE:  STATUE INVOLVED**
**ACCESSORY AFTER THE FACT --(18 U.S.C. § 3)**


Title 18, United States Code, Section 3 provides as follows:

> Whoever, knowing that an offense against the
> United States has been committed, receives,
> relieves, comforts or assists the offender
> in order to hinder or prevent his
> apprehension, trial or punishment, is an
> accessory after the fact.

---

18 U.S.C. § 3.

**UNITED STATES PROPOSED JURY INSTRUCTION NO. __20__**

**COUNT THREE:  STATUE INVOLVED**
**ACCESSORY AFTER THE FACT --(18 U.S.C. § 3)**


In order to establish that the defendant violated Title 18, United States Code, Section 3, the United States must prove beyond a reasonable doubt the following essential elements:

FIRST:     That the crime of arson alleged in the indictment was committed;

SECOND:    That the defendant had knowledge of the commission of that crime; and

THIRD:     That the defendant provided assistance to Kimberly Dawn Kinder in order to prevent or hinder Ms. Kinder's apprehension, trial or punishment.

---

1 J.S. Siffert, et al., Modern Federal Jury Instructions, § 12.01 (2012); United States v. Arnold, 302 F. Supp. 2d 637, 638 (W.D.Va. 2003)(citing United States v. Neal, 36 F.3d 1190, 1211 (1st Cir. 1994).

**UNITED STATES PROPOSED JURY INSTRUCTION NO.  _21__**

**COUNT THREE:   KNOWLEDGE ELEMENT**
**ACCESSORY AFTER THE FACT --(18 U.S.C. § 3)**

The United States does not have to prove that the defendant knew that the crime that was committed was a violation of federal law.  Rather, the United States need only prove that the defendant had knowledge that a crime, in this case, arson, was committed at the time he provided assistance to Kimberly Dawn Kinder.  Thus, to establish the crime of accessory after the fact as charged in Count Three, the government must prove that the arson of the Van Duplex was a federal offense, but the government does not have to prove that the defendant knew that the arson was a federal offense.  Further, defendant's knowledge of the arson can be proven entirely through circumstantial evidence.

United States v. Felix-Gutierrez, 940 F.2d 1200, 1206-1207 (9th Cir. 1991)(citing United States v. Hobson, 519 F.2d 765, 769 (9th Cir. 1975)).

**COUNT THREE:  ASSISTANCE**
**ACCESSORY AFTER THE FACT --(18 U.S.C. § 3)**

The United States need not show the defendant's assistance to the offender involved direct contact with, or statements to, law enforcement.  Rather, the United States need only prove that the defendant, with knowledge of the commission of the underlying crime, took some action to prevent or hinder the offender's apprehension, trial or punishment.

---

United States v. Panarella, 277 F.3d 678, 681 (3d Cir. 2002)(vacated on other grounds, 2011 WL 3273599, based upon Skilling v. United States, 523 U.S. 614 (1998)); United States v. Triplett, 922 F.2d 1174, 1180 (5th Cir. 1991).

**UNITED STATES PROPOSED JURY INSTRUCTION NO.  23**

**EVIDENCE INFERENCES - DIRECT AND CIRCUMSTANTIAL**

There are two types of evidence from which you may find the truth as to the facts of a case -- direct and circumstantial evidence.  Direct evidence is the testimony of a person who asserts actual knowledge of a fact, such as an eyewitness.

Circumstantial evidence is where one fact or a chain of facts gives rise to a reasonable inference of another fact.  If one fact or group of facts on the basis of common sense and common experience leads you logically and reasonably to infer other facts, then this is circumstantial evidence.  Circumstantial evidence is no less valid and no less weighty than direct evidence provided that the inferences drawn are logical and reasonable.  In a criminal case where a defendant's state of mind is at issue, where there are questions of what the defendant intended or what his purpose was, circumstantial evidence is often an important means of proving what the state of mind was at the time of the events in question.  Sometimes it is the only means of proving state of mind.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach

conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

---

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 12.04, 12.05 (5th ed. 2000) (modified); <u>United States v. Dizdar</u>, 581 F.2d 1031, 1036-37 (2d Cir. 1978).

**UNITED STATES PROPOSED INSTRUCTION NO. __24__**

**PLEA AGREEMENT WITH THE UNITED STATES**

In assessing the credibility of the witnesses, in this case, one of the things you may consider is the content or terms of any plea or other agreement reached between a witness and the United States. There has been reference to such an agreement in this case between the United States Attorney's Office and a witness. You should consider whether the witness is testifying truthfully or is testifying falsely in order to obtain favorable consideration from the United States or other disposition in their own case.

With reference to the disposition of charges, after plea or other discussions, the important point is not whether there has been a plea agreement, but whether the witness entering into such an agreement is testifying truthfully as to the participation of the defendant in the events referred to.

The disposition of criminal charges by agreement between the prosecutor and accused, sometimes loosely referred to as plea bargaining, has been described by the United State Supreme Court as an essential component of the administration of justice, and when properly administered, it is to be encouraged.

Disposition of charges after plea discussions is not only an essential part of the criminal process, but often a highly desirable part.  Many times it leads to prompt and final disposition of criminal cases.

---

Santobello v. New York, 404 U.S. 257, 260 (1971).

**UNITED STATES PROPOSED INSTRUCTION NO. _25__**

**CONJUNCTIVE-DISJUNCTIVE**

You will find that the indictment is charged in the conjunctive, meaning that it uses the word "and" between two elements of the offense. However, the law may not require proof of both elements. Therefore, you should be guided by this Court's instructions as to the actual elements that must be proven.

---

United States v. Montgomery, 262 F.3d 233, 242 (4th Cir. 2001)("where a statute in the disjunctive, federal pleading requires the Government to charge in the conjunctive); United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000); 2B O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, § 64.07 (6th ed. 2010).

**UNITED STATES PROPOSED INSTRUCTION NO. _26__**

**"AT OR NEAR" -- PROOF OF**

You will note the indictment charges that the offenses were committed "at or near" a certain location. The proof need not establish with certainty the exact location of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed at a location reasonably near the location alleged.

## UNITED STATES PROPOSED INSTRUCTION NO.   27

### "ON OR ABOUT" -- PROOF OF

You will note the indictment charges that the offenses were committed "on or about" a certain date.  The proof need not establish with certainty the exact date of the alleged offenses.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

---

United States v. Kimberlin, 18 F.3d 1156, 1159 (4th Cir.), cert. denied, 513 U.S. 843 (1994); United States v. Ward, 676 F.2d 94, 96 (4th Cir.), cert. denied, 459 U.S. 835 (1982); 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 13.05 (5th ed. 2000) (modified).

**UNITED STATES PROPOSED INSTRUCTION NO. __28__**

**"SYMPATHY"**

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denial made by the Not Guilty plea of the defendant.  This must be decided on the evidence that is presented in this case and not from anything else.

You are to perform this duty without bias or prejudice as to any party.  You are not permitted to be governed by sympathy or public opinion.  Both the defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

---

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.01 (5th ed. 2000) (modified).

**UNITED STATES PROPOSED INSTRUCTION NO. _29__**

**JUDICIAL NOTICE**

During the course of this trial, the Court took judicial notice of the fact that Van, Boone County, and Chapmanville, Logan County are within the Southern District of West Virginia. We know this to be true.

Since this is a criminal case, you may, but are not required to accept as conclusive, any facts of which the Court has taken judicial notice. If you choose to accept, as conclusive, any facts which the Court has judicially noted, then such facts may be regarded as evidence in the case without further proof, and are to be weighed by you along with other evidence in the case.

---

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 12.03 (5th ed. 2000) (modified).

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that service of the foregoing "UNITED STATES PROPOSED JURY INSTRUCTIONS" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing today, February 26, 2013, to:

James Cagle, Esquire
1018 Kanawha Blvd. E. Ste. 1200
Charleston, WV 25301


/s/ *Thomas C. Ryan*
Assistant United States Attorney
WV Bar No. 9883
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: thomas.ryan@usdoj.gov