IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.                                              Criminal No. 2:12-00221

MICHAEL L. WHITE

      Defendant.

**Defendant's Proposed Instruction No. 3**

You are instructed that count three of the indictment charges the defendant with being an accessory after the fact in violation of 18 USC § 3. This statute states in pertinent part that whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

The charge alleges that the defendant on or about February 17, 2010, at or near Chapmanville, Logan County, West Virginia, within the Southern District of West Virginia and elsewhere, the defendant Michael L White, knowing that an offense against the United States has been committed, that is, arson in violation of 18 USC §844(i), did knowingly comfort and assist Kimberly Dawn Kinder named herein as an unindicted offender, in order to hinder or prevent her apprehension, trial and punishment, that is, defendant Michael L. White falsely stated to an insurance representative that a former tenant purposely burned the Van duplex on or about October 15, 2009, when in truth and in fact as he then well knew, Kimberly Dawn Kinder was involved in said arson of the Van duplex in violation of title 18, United States Code § 3.  In

order to sustain the burden of proof of the crime of being an accessory after the fact the government must prove each of the following three elements beyond a reasonable doubt.

One: The crime of arson was committed by Kimberly Dawn Kinder,

Two: The defendant Michael L White knew that this crime had been committed and that Kimberly Dawn Kinder had committed it; and

Three: The defendant Michael L. White thereafter intentionally received, relieved, comforted, or assisted Kimberly Dawn Kinder in order to hinder and prevent that person's apprehension, trial, or punishment for the crime of arson. The crime of arson has the essential elements as were previously instructed in this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.                                                                             Criminal No. 2:12-00221

MICHAEL L. WHITE

       Defendant.

**Defendant's Proposed Instruction No. 2**

You are instructed that count two of the indictment charges the defendant with Aiding and Abetting the crime of Arson in violation of 18 USC § 844(i) and section 2. Specifically on or about October 15, 2009, at or near Van, Boone County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant Michael L. White, did knowingly aid, abet, counsel, command, and induce, and procure the commission of an offense against the United States by Kimberly Dawn Kinder, not named herein as a defendant, and her spouse, now deceased, to maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, the Van duplex, which was used in interstate commerce, and in activity affecting interstate commerce, owned by defendant Michael L. White. In violation of Title 18 United States Code, Sections 844(i) and 2.

In order to prove these charges, the government must prove beyond as reasonable doubt the following four elements:

One: that the defendant by means of fire or use of explosives

Two: maliciously

Three: did damage or destroy or attempt to damage or destroy

Four: property which was either used in interstate commerce or used in any activity

3

affecting interstate commerce.

To aid and abet the accused must have participated in the crime as something he wished to bring about and that the defendant did seek by his actions to make the crime succeed. The United States must prove beyond a reasonable doubt that the property was damaged or destroyed or attempted to be damaged or destroyed by means of fire or explosive. The statute defines "explosives" as "gunpowders, powders used for blasting, all forms of high explosives, blasting materials . . . detonators and other detonating agents, smokeless powders, other explosive or incendiary devices . . . and any chemical compounds, mechanical mixtures, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion."

To find beyond a reasonable doubt that the property in question was destroyed or damaged by an explosive, you need not find that the explosion actually occurred. You need only find that the substance as used was such that when ignited it "may cause an explosion." The term "explosion" is used in its customary or ordinary sense, that is, an explosion is a rapid expansion of gases caused by a rapid combustion of a material, which may cause a sharp noise or report.

"Interstate commerce" means commerce which affects more than one state. It includes commercial activity between any place in one state and another place outside that state. It also includes commercial activity wholly within one state but which has a substantial effect on commerce between or among the states.

Business-related property, as opposed to residential property, is considered as being used in or affecting interstate commerce if, at the time it was damaged or destroyed, it was actively used for some commercial purpose. A merely passive or past connection or a possible future

connection to interstate commerce is not sufficient to satisfy this requirement. Even if the property was vacant at the time it was destroyed, it may still be used in or affecting interstate commerce if the owner was actively seeking to rent or otherwise use the property.

The meaning of "maliciously" as used in this statute means to damage or destroy property intentionally or with willful disregard of likelihood that damage or injury will result.

Under the statute, rental residential property may be included as property affecting interstate commerce. In determining whether the property in question was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce you should consider the following. The statute, 18 USC §844(i) contains the qualifying words "used in" a commerce affecting activity. The key word is "used." Therefore, in order to establish the defendant's guilt under this statute the United States must prove beyond a reasonable doubt that the property which was damaged or destroyed was at the time it was damaged or destroyed being used in commerce or in an activity affecting commerce. That means that it was actively employed for commercial purposes, not merely passive, passing or in the past used for commercial purposes.


Jones v. United States, 529 U.S. 848 (2000)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA

v.  Criminal No. 2:12-00221

MICHAEL L. WHITE

    Defendant.

**Defendant's Proposed Instruction No. 1**

You have heard evidence that Kimberly Dawn Kinder entered into plea agreement with the government. Her testimony was received in evidence and may be considered by you. You may give her testimony such weight as you think it deserves. Whether or not her testimony may have been influenced by her plea agreement is for you to determine.

Her guilty plea cannot, however, be considered by you as evidence of this defendant's guilt. The guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the testimony of this witness.