UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 2:12-00221

MICHAEL L. WHITE

### UNITED STATES SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Comes now the United States of America, by Thomas C. Ryan, Assistant United States Attorney for the Southern District of West Virginia, and supplements its initial proposed jury instructions to address the following issues:

1. The United States offers a more detailed substitute for government's jury instruction No. 14 regarding the interstate commerce element for a conviction on Count Two of the Indictment.

2. Per the Court's request, the United States offers a supplemental instruction that may be appropriate depending on the anticipated testimony of Mrs. Kinder.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

By:

/s/ *Thomas C. Ryan*
Assistant United States Attorney

**INTERSTATE COMMERCE**

The government in Count Two of the Indictment has charged the defendant with aiding and abetting and causing malicious damage to and the destruction of a building used in interstate commerce. Thus, the government, to prevail on this count, must establish that the building that is the subject of this case was used in interstate commerce or in an activity that affected interstate commerce. "Interstate commerce" is simply commerce between one state and another[1] and may be shown in a variety of ways.

The law considers property that is offered for rent or used as rental property to be "used in interstate commerce" within the meaning of this statute.[2]

In determining whether the property in this case was used in interstate commerce you are not limited to considering only

---

[1]    United States v. Lentz, 524 F.3d 501, 512 (4th Cir. 2008); United States v. Lowe, 65 F.3d 1137, 1147 (4th Cir. 1995).

[2]    "By its terms, however, the statute [18 U.S.C. §844(i)] only applies to property that is "used" in an "activity" that affects interstate commerce. The rental of real estate is unquestionably such an activity. . ." Russell v. United States, 471 U. S. 858, 862 (1985) as cited and applied in United States v. Parsons, 993 F.2d 38, 40 (4th Cir. 1993)("Russell thus holds that rental property is per se property used in an activity affecting interstate commerce.").

the day or moment of the actual fire charged in the indictment.[3] Rather, you may consider whether the building had been routinely used and offered as a rental property immediately prior to the formation of any intent or plan to burn the building that you believe the evidence establishes and whether it was used as a rental property during any part of the life of any scheme or conspiracy to burn the building that you are convinced the evidence establishes.

That is to say, the mere intent to remove the building from commercial use by burning it down does not automatically negate the proof of use in interstate commerce that the government must show in this case.[4] Likewise, the fact that the building in

---

[3] See <u>United States v. Grossman</u>, 608 F.2d 534 (4th Cir. 1979) (affirming interstate connection of a backhoe that had been located in a single state for two-and-a-half years, rejecting argument that "841(i) requires a contemporaneous connection with interstate commerce without regard to past interstate movement"); see also <u>United States v. Medeiros</u>, 897 F.2d 13, 16-17 (1st Cir. 1990)(affirming arson conviction under 18 U.S.C. §844(i) and collecting arson cases ruling "on the broader ground that strictly contemporaneous connections were not required to meet the interstate commerce requirement").

[4] See <u>United States v. Milligan</u>, 3 Fed. App'x 169, 170-171 (4th Cir. 2001)(unpub. op.)("the fact that Milligan had evicted the final tenant in anticipation of and in order to facilitate the arson does not mean that the property was not currently used in commerce, particularly where the intention to commit the arson arose while a tenant occupied the property and where the tenant was removed only hours before an initial but unsuccessful arson attempt."); see also <u>Medeiros</u>, 897 F.2d at 17, rejecting lack of interstate commerce defense where any break in the interstate commerce was "connected to the planned arson itself."

question may have been vacated immediately before the fire was set does not necessarily negate the showing of use in interstate commerce that the prosecution must establish.[5]

Rather, you may make the determination regarding whether the building in question was "used in interstate commerce" based on how the property was routinely used immediately before the formation of any plan to burn the building and/or during the execution of any such plan.[6] You may also consider evidence of how the property was classified for insurance[7] and property-tax purposes in deciding whether the property in question was rental property and, thus, used in interstate commerce within the meaning of the statute.

---

[5] "It was certainly rational [for the jury] to also conclude that Parsons never intended to move into the house or to remove it from the rental market. Simply put, the jury concluded that she planned to have the house burned . . . ." Parsons, 993 F.2d at 41.

[6] Milligan, 3 Fed. App'x at 170, affirming arson conviction over lack of interstate commerce defense where defendant "planned the crime while the unit was still occupied" and vacancy was "direct function of the criminal enterprise itself."

[7] Parsons, 993 F. 2d at 41 ("at the time of the arson, the 30th Street house was insured as rental property"); see also Martin v. United States, 333 F.3d 819,822 (7th Cir. 2003) ([defendant] "had insured the building as a piece of rental property from the date of its purchase until the date of the fire. . . .").

**UNITED STATES PROPOSED INSTRUCTION NO. __30__**

**CREDIBILITY OF A WITNESS**

Evidence was introduced during the trial that Mrs. Kimberly Kinder has a history of drug use and mental health treatment. There is nothing improper about calling such a witness to testify about events within her personal knowledge.

On the other hand, her testimony must be considered with care and caution. The testimony of a witness who was using drugs or undergoing mental health treatment for certain conditions may be less believable because of any effect that drugs or the witness' mental health condition may have on her ability to perceive, remember or relate the events in question.

After considering her testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

--------

Modern Federal Jury Instructions, § 4-21 (2004)(modified).

**CERTIFICATE OF SERVICE**

It is hereby certified that service of the foregoing "UNITED STATES SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing today, May 2, 2103, to:

        James Cagle, Esquire
        1018 Kanawha Blvd. E. Ste. 1200
        Charleston, WV 25301


        /s/ *Thomas C. Ryan*
        Assistant United States Attorney
        WV Bar No. 9883
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        Email: thomas.ryan@usdoj.gov