**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MAY 14 2013

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                CRIMINAL ACTION NO. 2:12-cr-00221

MICHAEL L. WHITE,

        Defendant.

## JURY INSTRUCTIONS

### I. Introduction

Now that you have heard the evidence and the closing statements by the lawyers, it is my job to tell you about the laws that apply to this case. As jurors, you have two jobs. First, you must determine from the evidence what the facts of this case are. Second, you must apply the rules of law that I will give you to those facts in order to determine the innocence or guilt of Michael White with respect to the crimes charged in the indictment.

I will be sending a copy of these instructions to the jury room; however, you are not to single out any one instruction as stating the law, but must consider the instructions as a whole.

Also, you are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denials made by the "not guilty" plea of the accused. The defendant is not on trial for any act or any conduct or any offense that is not specifically charged in the indictment. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The accused and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

The law presumes the defendant to be innocent of a crime. So, the defendant, although accused, begins the trial with a "clean slate" – with no evidence against him. This presumption was with the defendant when the trial began and remains with him even now as I speak to you and will continue with him into your deliberations unless you are convinced that the government has proven his guilt beyond a reasonable doubt. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

The burden is always upon the government to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant; the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

## II. Evidence Generally

There are two types of evidence from which a jury may properly find a defendant guilty of a crime. One is direct evidence -- such as the testimony of an eyewitness. The other is circumstantial evidence -- the proof of a chain of circumstances pointing to the commission of the offense.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury be satisfied of a defendant's guilt beyond a reasonable doubt from all the evidence in the case.

Common sense is no substitute for evidence, but common sense should be used by you to evaluate what reasonably may be inferred from circumstantial evidence. Therefore, you are permitted to use your common sense in evaluating all the evidence, including circumstantial evidence, which the government has presented to you in an attempt to prove beyond reasonable doubt the guilt of defendant Michael White.

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which were admitted.

Statements and arguments of counsel are not evidence in the case, unless they were made as an admission or stipulation of fact.

During the course of this trial, the Court took judicial notice of the fact that Van, Boone County, and Chapmanville, Logan County are within the Southern District of West Virginia. We know these statements to be true. Since this is a criminal case, you may, but are not required to accept as conclusive, any facts of which the Court has taken judicial notice. If you choose to accept, as conclusive, any facts of which the Court has judicially noticed, then such facts may be

regarded as evidence in the case without further proof, and are to be weighed by you along with other evidence in the case.

As I have mentioned earlier in the trial, an indictment is just a formal method of accusing the defendant of a crime. It is not evidence of any kind against the accused.

If any lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact. A lawyer's statements are not evidence.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded, or considered only for the limited purposes for which the evidence was admitted.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the mere statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

A defendant is never to be convicted on mere suspicion or conjecture.

## III. Witnesses

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. It is your job to decide whether the Government has proven the guilt of the defendant beyond a reasonable doubt.

You are free to believe all, a portion, or none of a witness's testimony. You should carefully scrutinize all the testimony given, the circumstances under which each witness has

testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, as well as his or her demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness's testimony is either supported or contradicted by the evidence in the case.

Inconsistencies or discrepancies in the testimony of any witness, or between the testimony of different witnesses, may or may not cause you, the jury, to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail and whether the discrepancy results from innocent error or intentional falsehood.

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements which are inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach -- to challenge -- the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

It is the sole and exclusive right of the jury to determine the weight to be given any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

In examining witness testimony generally, you may consider any demonstrated bias, prejudice, or hostility of a witness towards Mr. White, or bias in favor of the Government in determining the weight to be afforded to that testimony.

If a witness is shown to have knowingly testified falsely concerning any material fact, you have a right to distrust such witness's testimony in other particulars; and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

If you believe that any witness was abusing drugs or alcohol during the time when the crime alleged in the indictment occurred, you must examine and weigh his or her testimony with greater care than the testimony of an ordinary witness; and you must decide whether his or her testimony was affected by that drug or alcohol abuse.

In assessing the credibility of the witnesses in this case, one of the things you may consider is the content or terms of any plea or other agreement reached between a witness and the United States. You have heard evidence that Kimberly Dawn Kinder entered into a plea agreement with the Government. Her testimony was received in evidence and may be considered by you. You may give her testimony such weight as you think it deserves. You should consider whether she is testifying truthfully or is testifying falsely in order to obtain favorable consideration from the United States or other disposition in her own case. With reference to the disposition of charges, after plea or other discussions, the important point is not whether there has been a plea agreement, but whether Ms. Kinder, by entering into such an agreement, is testifying truthfully as to the participation of the defendant in the events referred to.

Her guilty plea cannot be considered by you as evidence of this defendant's guilt. The guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the testimony of this witness.

Evidence was introduced during the trial that Ms. Kinder has a history of drug use and mental health treatment. There is nothing improper about calling such a witness to testify about events within her personal knowledge.

On the other hand, her testimony must be considered with care and caution. The testimony of a witness who was using drugs or undergoing mental health treatment for certain conditions may be less believable because of any effect that drugs or the witness' mental health condition may have on her ability to perceive, remember or relate the events in question.

After considering her testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

You have heard recordings of conversations. These conversations are a proper form of evidence for this trial and you may consider them just like any other evidence. You also were shown written transcripts of the recordings. Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

You heard audio recordings that included statements made by a confidential informant, Kimberly Kinder, who was working for the United States at the time of the recordings, as well as employees of Nationwide Insurance. You are not to consider any of Ms. Kinder's or the

Nationwide employees' statements as evidence offered for its truth. Rather, you may consider this evidence only for the limited purpose of providing context for the statements of the other speakers on the audio recordings.

During the course of this trial you have heard testimony of people employed by the government, including law enforcement agents. Such witnesses do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight than other witnesses.

A law enforcement agent who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does. In considering the testimony of a law enforcement agent, you, the jury, should recall his or her demeanor on the stand, their manner of testifying, the substance of the witnesses' testimony and then weigh and balance it just as carefully as you would the testimony of any other witness.

You have heard the testimony of the defendant Michael White. You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

I remind you that it is up to the government to prove a defendant guilty beyond a reasonable doubt. It is not up to a defendant to prove that he is not guilty.

## IV. The Indictment

### Count One
### (Conspiracy (18 U.S.C. § 371))

#### Background

At all relevant times:

Defendant MICHAEL L. WHITE owned a two-apartment residential building (the "Van Duplex") located on Route 85 near the community of Bigson and the Town of Van, in Boone County, West Virginia.

Defendant MICHAEL L. WHITE used the Van Duplex in interstate commerce and in an activity affecting interstate commerce in that he rented and maintained and offered the two apartments in that building for rent to the general public.

Defendant MICHAEL L. WHITE maintained a property insurance policy on the Van Duplex insuring him against loss or damage to that property occasioned by, among other things, fire.

#### Conspiracy

From at least the late summer of 2009 through and until at least the spring of 2010, at or near Van, Boone County, and Chapmanville, Logan County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant MICHAEL L. WHITE, together with Kimberly Dawn Kinder, named herein as an unindicted co-conspirator, and her spouse, now deceased, did knowingly conspire to commit offenses against the United States, that is:

    a. to maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, the Van Duplex, which was used in, and in an activity affecting, interstate commerce, in violation of 18 U.S.C. § 844(i); and

    b. to knowingly devise and attempt to devise an artifice and scheme to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice and attempting to do so, knowingly caused to be delivered by mail or such carrier according to the direction thereon and at the place at which it is directed to be delivered by the person to whom it is

addressed, any matter and thing, in violation of 18 U.S.C. § 1341.

## Object of the Conspiracy

It was an object of the conspiracy for Defendant MICHAEL L. WHITE and his co-conspirators to unlawfully enrich themselves by collecting and sharing the proceeds from the insurance policy covering the Van Duplex, payment from which was issued as a result of their intentional destruction of that building.

## Overt Acts in Furtherance of the Conspiracy

To effect the objects of the conspiracy, Defendant MICHAEL L. WHITE and his co-conspirators would and did commit the following and other overt acts within the Southern District of West Virginia:

a. Sometime in approximately the late summer of 2009, Defendant MICHAEL L. WHITE asked Kimberly Dawn Kinder and her spouse to commit insurance fraud by having the Kinders set fire to the Van Duplex owned by Defendant MICHAEL L. WHITE;

b. On the evening of October 15, 2009, Kimberly Dawn Kinder and her spouse traveled to the Van Duplex;

c. Kimberly Dawn Kinder and her spouse entered one of the then-abandoned apartments;

d. Kimberly Dawn Kinder's spouse, using an accelerant, set fire to flammable materials found in that apartment resulting in a fire that consumed most of that building;

e. On or about October 16, 2009, Defendant MICHAEL L. WHITE submitted a property damage claim to the insurer of the Van Duplex;

f. On or about October 19, 2009, Defendant MICHAEL L. WHITE falsely stated to an insurance company representative that he had no knowledge of who was responsible for the fire damage to the Van Duplex when, in truth and fact as Defendant MICHAEL L. WHITE then well knew, the fire was set by the spouse of Kimberly Dawn Kinder, with her aid and assistance, at Defendant MICHAEL L. WHITE's request;

g. On or about November 12, 2009, Defendant MICHAEL L. WHITE deposited a check into his bank account in the amount of approximately $80,000 received from the insurer; and

h. On several occasions between October 15, 2009 and the spring of 2010, Defendant MICHAEL L. WHITE paid Kimberly Dawn Kinder and her spouse approximately $2,000 in small cash increments in exchange for setting fire to the Van Duplex.

In violation of Title 18, United States Code, Section 371.

## Count Two
### (Aiding and Abetting Arson (18 U.S.C. § 844(i) and 2))

On or about October 15, 2009, at or near Van, Boone County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant MICHAEL L. WHITE did knowingly aid, abet, counsel, command, and induce, and procure the commission of an offense against the United States by Kimberly Dawn Kinder, not named herein as a defendant, and her spouse, now deceased, to maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, the Van Duplex, which was used in interstate commerce, and in an activity affecting interstate commerce, owned by defendant MICHAEL L. WHITE.

In violation of Title 18, United States Code, Sections 844(i) and 2.

## Count Three
### (Accessory after the Fact (18 U.S.C. § 3))

On or about February 17, 2010, at or near Chapmanville, Logan County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant MICHAEL L. WHITE, knowing that an offense against the United States had been committed, that is, arson in violation of 18 U.S.C. § 844(i), did knowingly comfort and assist Kimberly Dawn Kinder, named herein as an unindicted offender, in order to hinder and prevent her apprehension, trial and punishment, that is, defendant MICHAEL L. WHITE falsely stated to an insurance representative that a former tenant purposefully burned the Van Duplex on or about October 15, 2009, when in truth and in fact as he then well knew, Kimberly Dawn Kinder was involved in said arson of the Van Duplex.

In violation of Title 18, United States Code, Section 3.

## V. The Statutes

Title 18, United States Code, Section 371 provides in pertinent part as follows:

> If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons does any act to effect the object of the conspiracy, each shall be . . .

[guilty of a violation of the laws of the United States].

Title 18, United States Code, Section 844(i) provides, in pertinent part:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building . . . or other real or

personal property used in interstate . . . commerce or in any activity affecting interstate . . . commerce . . .

[shall be guilty of an offense against the United States].

Title 18, United States Code, Section 1341 provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be . . .

[guilty of an offense against the United States].

Title 18, United States Code, Section 2(a) provides:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Title 18, United States Code, Section 3 provides as follows:

> Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

## VI. Elements of the Alleged Offenses

### Count One: 18 U.S.C. § 371

The defendant is charged in Count One of the indictment with conspiring to commit arson and mail fraud in violation of Title 18, United States Code, Section 371.

In order to satisfy its burden of proof as to this charge, the United States must establish each of the following essential elements beyond a reasonable doubt:

FIRST: That the defendant agreed with at least one other person to do something which federal law prohibits, that is, commit arson or mail fraud;

SECOND: That the defendant knew of the conspiracy and willfully joined the conspiracy; and

| THIRD: | That at some time during the existence of the conspiracy or agreement, one or more members of the conspiracy knowingly performed an overt act in order to accomplish the object or purpose of the agreement. |

The elements of arson, which is charged as an object of the conspiracy, are:

| FIRST: | A person damaged or destroyed, or attempted to damage or destroy; |

| SECOND: | By means of fire or an explosive; |

| THIRD: | A property which was either used in interstate commerce or used in an activity affecting interstate commerce; and |

| FOURTH: | That the person acted maliciously. |

The elements of mail fraud, which is charged as an object of the conspiracy, are:

| ONE: | A person knowingly devised or knowingly participated in a scheme or artifice to defraud or knowingly devised or knowingly participated in a scheme or artifice to obtain money or property by means of false or fraudulent pretenses, representations, or promises; |

| TWO: | The scheme or artifice to defraud or pretenses, representations, or promises were material, that is, it would reasonably influence a person to part with money or property; |

| THREE: | The person did so with the intent to defraud; and |

| FOUR: | In advancing, or furthering, or carrying out this scheme to defraud or scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises, the person used the mails or caused the mails to be used. |

A conspiracy is a kind of criminal partnership--a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy is an independent offense. It is separate and distinct from any actual violation of any specific federal law, which the law refers to as a "substantive crime."

Indeed, you may find a defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime which was the object of the

conspiracy was not actually committed. Moreover, you may find defendant guilty of conspiracy despite the fact that he himself was incapable of committing the substantive crime.

To establish the conspiracy charged in Count One of the indictment, the evidence need not show that the members entered into any express or formal agreement, or that they directly, by words spoken or in writing, stated between themselves what their object or purpose was to be, or the details thereof, or the means by which the object or purpose was to be accomplished.

Similarly, the evidence need not establish that all of the means or methods set forth in the indictment were in fact agreed upon to carry out the alleged conspiracy, or that all of the means or methods which were agreed upon were actually used or put into operation. Neither must it be proved that all of the persons charged to have been members of the conspiracy were such, nor that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

One may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if the defendant, with an understanding of the unlawful character of a plan, knowingly and willfully joined in an unlawful scheme on one occasion, that is sufficient to convict him for conspiracy even though he had not participated at other stages in the scheme and even though he played only a minor part in the conspiracy.

To act or participate knowingly means to act or participate voluntarily and intentionally and not because of mistake, or accident, or other innocent reason. If a defendant or any other person, with understanding of the unlawful character of a plan, knowingly and intentionally encourages, advises or assists, for the purpose of furthering the undertaking or scheme, he thereby becomes a knowing and willful participant -- a conspirator. One who knowingly joins an

existing conspiracy is charged with the same responsibility as if he had been one of the originators or instigators of the conspiracy.

In determining whether a conspiracy existed, the jury should consider the actions and declarations of all of the alleged participants.

A person cannot conspire with himself, and therefore you cannot find a defendant guilty unless you find that he participated in the conspiracy as charged with at least one other person.

Of course, mere presence at the scene of an alleged transaction or event, or mere similarity of conduct among various persons, and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, do not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

Count One of the indictment charges a two-object conspiracy, that is, that the defendant conspired to commit arson <u>and</u> mail fraud.

Federal law makes it illegal to maliciously damage or destroy, or attempt to damage or destroy a property involved in or affecting interstate commerce. Likewise, federal law prohibits the use of the mails to execute or attempt to execute a scheme or artifice to defraud, or to obtain money or property by materially false and fraudulent pretenses, representations or promises.

It is <u>not</u> necessary for the United States to prove beyond a reasonable doubt that the conspiracy furthered both objects. Rather, the United States has properly charged different means of violating the statute and you need only find beyond a reasonable doubt that the defendant under consideration knowingly conspired to commit arson <u>or</u> conspired to commit mail fraud.

In order to sustain its burden of proof, the United States must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act and that this overt act was performed during the existence or life of the conspiracy and was done to somehow further the goal(s) of the conspiracy or agreement. An "overt act" is any act knowingly committed by one of the conspirators in an effort to accomplish some object or purpose of the conspiracy.

The overt act need not be criminal in nature, if considered separately and apart from the conspiracy. It may, standing alone, be as innocent as the act of a man walking across the street, or participating in a conversation where arrangements in furtherance of the conspiracy are made, or driving an automobile, or using a telephone. It must, however, be an act which follows and tends toward accomplishment of the plan or scheme, and must be knowingly done by one of the conspirators in furtherance of some object or purpose of the conspiracy charged in Count One of the indictment. The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

<u>Count Two: 18 U.S.C. §§ 844(i) and 2</u>

The defendant is charged in Count Two of the indictment with aiding and abetting arson in violation of Title 18, United States Code, Sections 844(i) and 2.

In order to establish this charge, the United States must prove beyond a reasonable doubt the following essential elements:

<u>FIRST:</u>     That defendant MICHAEL L. WHITE aided, abetted, counseled, commanded, or induced, or procured the commission of an offense by Kimberly Dawn Kinder or her spouse, to maliciously damage or destroy, or attempt to damage or destroy, by means of fire or an explosive, the two-unit residential rental property as charged in the indictment;

16

**SECOND:**   The two-unit residential rental property was used in interstate commerce; and

**THIRD:**   That the defendant acted maliciously.

To prevail on Count Two, the Government must establish that the building that is the subject of this case, the Van Duplex, was used in interstate commerce or in an activity that affected interstate commerce. "Interstate commerce" means commerce which affects more than one state.

The law considers property that is offered for rent or used as rental property to be "used in interstate commerce" within the meaning of this statute. The mere intent to burn a building does not automatically prove that it was not used in interstate commerce. Rather, you may make the determination regarding whether a building was "used in interstate commerce" based on how the property was routinely used immediately before the formation of any plan to burn the building and/or during the execution of any such plan. You may consider whether it was used as a rental property during any part of the life of any scheme or conspiracy to burn the building. You may also consider evidence of how the property was classified for insurance and property-tax purposes in deciding whether the property in question was rental property and, thus, used in interstate commerce within the meaning of the statute.

Even if the rental property was vacant at the time it was destroyed, it may qualify as a building used in or affecting interstate commerce if the owner intended to return the building to an active commercial or business use or purpose. A building that is permanently vacant or removed from commercial use for reasons other than an intent to burn it is not a building that is used in or affects interstate commerce.

"Maliciously" as used in Count Two means to damage or destroy property intentionally or with willful disregard of likelihood that damage or injury will result.

Under the aiding and abetting statute, it is not necessary for the United States to show that a defendant physically committed the crimes with which he is charged in order for you to find the defendant guilty. A person who aids, abets, counsels, commands, or induces another to commit an offense, or procures the commission of that offense, is just as guilty of that offense as if he committed it himself.

The first requirement is that you find that a given person himself or another person has committed a crime against the United States. Obviously, one cannot be held responsible for criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the particular defendant you are considering aided and abetted the commission of the crime.

In order to aid or abet another to commit a crime, in this case it is necessary that the accused person knowingly associated himself in some way with the crime charged and that he knowingly sought by some act to help make the crime successful.

I have already explained to you the meaning of the word knowingly. The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.

### Count Three: 18 U.S.C. § 3

The defendant is charged in Count Three of the indictment with being an accessory after the fact in violation of Title 18, United States Code, Section 3.

In order to establish this charge, the United States must prove beyond a reasonable doubt the following essential elements:

FIRST:          That the crime of arson alleged in the indictment was committed;

| SECOND: | That the defendant had knowledge of the commission of that crime; and |
|---------|---------|
| THIRD: | That the defendant provided assistance to Kimberly Dawn Kinder in order to prevent or hinder Ms. Kinder's apprehension, trial or punishment. |

The United States does not have to prove that the defendant knew that the crime that was committed was a violation of federal law. Rather, the United States need only prove that the defendant had knowledge that a crime, in this case, arson, was committed at the time he provided assistance to Kimberly Dawn Kinder. Thus, to establish the crime of accessory after the fact as charged in Count Three, the government must prove that the arson of the Van Duplex was a federal offense, but the government does not have to prove that the defendant knew that the arson was a federal offense. Further, defendant's knowledge of the arson can be proven entirely through circumstantial evidence.

The United States need not show the defendant's assistance to the offender involved direct contact with, or statements to, law enforcement. Rather, the United States need only prove that the defendant, with knowledge of the commission of the underlying crime, took some action to prevent or hinder the offender's apprehension, trial or punishment.

## VII. General Instructions

You will note that the indictment charges that the offense was committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

Similarly, the Indictment charges that the offenses were committed "at or near" a certain location. The proof need not establish with certainty the exact location of the alleged offense. It

is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed at a location reasonably near the location alleged.

You will find that the Indictment is charged in the conjunctive, meaning that it uses the word "and" between two elements of the offense. However, the law may not require proof of both elements. Therefore, you should be guided by this Court's instructions as to the actual elements that must be proven.

Michael White is on trial only for the acts or conduct alleged in the indictment. Your focus must be on the charges contained in the Indictment and not on anything else. It is not up to you to decide whether Michael White has committed any other offenses or for you to decide whether any other person is guilty of any crime.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but you must do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But, do not surrender your conscientious conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Some of you jurors have taken notes during the course of this trial. Notes are only an aid to memory and should not be given precedence over your independent recollection of the facts.

A juror who did not take notes should rely on his or her independent recollection of the proceedings and should not be influenced by the notes of other jurors.

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, your recollection should control during your deliberations.

There is nothing peculiarly different in the way a jury should consider the evidence in a criminal case from that in which all reasonable persons treat any questions depending upon evidence presented to them. You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted and give it a reasonable and fair construction, in light of your common knowledge of the natural tendencies and inclinations of human beings.

As I mentioned at the start of this trial, you are not to concern yourself with the sentence that the defendant might receive if you should find him guilty. Your function is solely to decide whether the defendant is guilty or not guilty of the charges against him. If, and only if, you find the defendant guilty of any of the charges against him will it become the duty of the Court to pronounce sentence.

If the accused be proven guilty of any of the crimes alleged in the indictment beyond reasonable doubt, say so. If not so proven guilty, say so.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience.

**[VERDICT FORM READ]**

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson complete each form by placing an "x" before the appropriate word or words which state the verdict upon which you unanimously agree. The foreperson will then sign and date the form, and the jury will then return with your verdict to the courtroom.

If you should desire to communicate with the Court at any time, please write down your message or question and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.